1  Richard C. Norton, Esq. (Cal. Bar No. 135024)
   NORTON MOORE & ADAMS, LLP
2  525 B Street, Suite 1500
   San Diego, California 92101
3  Telephone: (619) 233-8200
   Facsimile: (619) 231-7595
4
   Attorneys for Gerald H. Davis, Chapter 7 Trustee
5

6

7                    UNITED STATES BANKRUPTCY COURT

8                    SOUTHERN DISTRICT OF CALIFORNIA

9

10  In re                                )  CASE NO. 10-00978-LT7
                                         )
11  MICHAEL WAYNE CROW,                  )
                                         )
12       Debtor.                         )
                                         )
13                                       )
                                         )
14  _____ )
                                         )  Adversary No.  12-90030-LT7
15  GERALD H. DAVIS, TRUSTEE,            )
                                         )
16       Plaintiff,                      )
                                         )  **FIRST AMENDED COMPLAINT FOR**
17                                       )  **AVOIDANCE AND RECOVERY OF**
    v.                                   )  **FRAUDULENT TRANSFERS,**
18                                       )  **PREFERENCES, POST-PETITION**
                                         )  **TRANSFERS, TURNOVER OF**
19  M.W. CROW FAMILY, L.P., a California )  **PROPERTY OF THE ESTATE AND**
    limited partnership; DAVID LEHN,     )  **DISALLOWANCE OF CLAIMS**
20  TRUSTEE for The Crow 2001 Children Trust )
    created October 31, 2001, for the benefit of )  [11 U.S.C. §§ 502, 542, 544, 547, 548, 549
21  Michelle Lee Crow, Olivia Trevor Crow, )  and 550]
    Spencer Michael Crow, Duncan Howard )
22  Crow; TREVOR CROW, an individual;    )
    DUNCAN CAPITAL GROUP, LLC, a         )
23  Delaware limited liability company; DCI )
    MASTER, LDC, a Cayman Island corporation; )
24  DUNCAN CAPITAL PARTNERS, LTD, a      )
    Cayman Island corporation; DUNCAN    )  Dept:  Three
25  CAPITAL PARTNERS, LLC, a Delaware    )  Honorable Laura S. Taylor
    limited liability company; DC ASSOCIATES, )
26  LLC, a Delaware limited liability company; )
    DCI MASTER LDC, LLC, a Florida limited )
27  liability company; MOSD HOLDINGS, LLC, )
    a Delaware limited liability company;  )
28                                       )

FIRST AMENDED COMPLAINT FOR AVOIDANCE OF TRANSFERS

MICHELLE CROW, also known as Michelle )
Wasserman); BILTMORE INVESTMENTS, )
LLC, a Nevada limited company; )
EDEN MARKETING, LLC, a Nevada limited )
liability company; MC2 SQUARED, INC., a )
Nevada corporation; BILTMORE )
INVESTMENT GROUP, LLC, a Florida )
limited liability company; THE CORSAIR )
GROUP 1, Inc., a Florida corporation, doing )
business as The Corsair Group; DRAKE )
INVESTMENTS LTD., a Turks and Caicos )
entity of unknown form; MICHAEL W. )
CROW, an individual and the debtor in this )
matter; LIGHTSTORM INTERNATIONAL, )
INC.; an entity of unknown form and origin; )
VATCHE CHORBAJIAN, an individual; )
CMG HOLDINGS, LLC, a Delaware limited )
liability company; GENESIS TODAY, INC., a )
corporation of unknown form and origin; )
GENESIS PURE, INC., a Delaware )
corporation; and CLYDESDALE PARTNERS )
II, LLC, an entity of unknown form and origin; )
                                             )
        Defendants.                          )
                                             )
_____  )

Plaintiff, Gerald H. Davis, Chapter 7 trustee of the above-captioned bankruptcy estate, for causes of action against defendants, and each of them, alleges as follows:

**JURISDICTION**

1.    Jurisdiction is vested in this court pursuant to 28 U.S.C. §§ 157(b) and 1334, and General Order 312-D of the United States District Court, Southern District of California.  This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B), (E), (F), (H) and (O).

**VENUE**

2.    Venue is proper in the Southern District of California pursuant to 28 U.S.C. § 1409 because the claims for relief presented herein arise from the underlying bankruptcy case of In re Michael Wayne Crow, Case No. 10-00978-LT7.

3.    Plaintiff is informed and believes and based thereon alleges that at all times relevant, debtor, Michael Wayne Crow, was individual residing in the County of San Diego, State of California.

## PARTIES

4.     Plaintiff, Gerald H. Davis, is the duly appointed and qualified Chapter 7 trustee of the bankruptcy estate of <u>Michael Wayne Crow</u>, Case No. 10-00978, pursuant to bankruptcy court order entered on January 22, 2010.

5.     Plaintiff is informed and believes and based thereon alleges that defendant, M.W. Crow Family L.P., was, and is, at all times herein mentioned, a limited partnership organized and existing under and by virtue of the laws of the State of California ("MW CROW").

6.     Plaintiff is informed and believes and based thereon alleges that defendant, David Lehn, Trustee, is the trustee for The Crow 2001 Children Trust, dated October 31, 2001, for the benefit of Michelle Lee Crow, Olivia Trevor Crow, Spencer Michael Crow, and Duncan Howard Crow, created October 31, 2001 ("THE CHILDREN TRUST").

7.     Plaintiff is informed and believes and based thereon alleges that defendant, Trevor Crow, was, and is, at all times herein mentioned, an individual with her usual residence in the State of Connecticut ("TREVOR CROW").

8.     Plaintiff is informed and believes and based thereon alleges that defendant, Duncan Capital Group, LLC, was, and is, at all times herein mentioned, a corporation organized and existing under and by virtue of the laws of the State of Delaware ("DCG-LLC").

9.     Plaintiff is informed and believes and based thereon alleges that defendant, DCI Master, LDC, was, and is, at all times herein mentioned, a corporation organized and existing under and by virtue of the laws of the Cayman Islands ("DCI MASTER CAYMAN").

10.     Plaintiff is informed and believes and based thereon alleges that defendant, Duncan Capital Partners LTD, was, and is, at all times herein mentioned, a corporation organized and existing under and by virtue of the laws of the Cayman Islands ("DCP -CAYMAN").

11.     Plaintiff is informed and believes and based thereon alleges that defendant, Duncan Capital Partners, LLC, was, and is, at all times herein mentioned, a corporation organized and existing under and by virtue of the laws of the State of Delaware ("DCP-LLC").

///

///

FIRST AMENDED COMPLAINT FOR AVOIDANCE OF TRANSFERS

12.    Plaintiff is informed and believes and based thereon alleges that defendant, DC Associates, LLC, was, and is, at all times herein mentioned, a limited liability company organized and existing under and by virtue of the laws of the State of Delaware ("DC ASSOCIATES").

13.    Plaintiff is informed and believes and based thereon alleges that defendant, DCI Master LDC, LLC, was, and is, at all times herein mentioned, a limited liability company organized and existing under and by virtue of the laws of the State of Florida ("DCI MASTER USA").

14.    Plaintiff is informed and believes and based thereon alleges that defendant, MOSD Holdings, LLC, was, and is, at all times herein mentioned, a limited liability company organized and existing under and by virtue of the laws of the State of Delaware ("MOSD").

15.    Plaintiff is informed and believes and based thereon alleges that defendant, Michelle Crow, also known as Michelle Wasserman, was, and is, at all times herein mentioned, an individual with her usual residence in the County of San Diego, State of California ("MICHELLE CROW").

16.    Plaintiff is informed and believes and based thereon alleges that defendant, Biltmore Investments, LLC, was, and is, at all times herein mentioned, a limited liability company organized and existing under and by virtue of the laws of the State of Nevada ("BILTMORE NEVADA").

17.    Plaintiff is informed and believes and based thereon alleges that defendant, Eden Marketing, LLC, was, and is, at all times herein mentioned, a limited liability company organized and existing under and by virtue of the laws of the State of Nevada ("EDEN").

18.    Plaintiff is informed and believes and based thereon alleges that defendant,MC2 Squared, Inc., was, and is, at all times herein mentioned, a corporation organized and existing under and by virtue of the laws of the State of Nevada ("MC2").

19.    Plaintiff is informed and believes and based thereon alleges that defendant, Biltmore Investment Group, LLC, was, and is, at all times herein mentioned, a limited liability company organized and existing under and by virtue of the laws of the State of Florida ("BILTMORE FLORIDA").

FIRST AMENDED COMPLAINT FOR AVOIDANCE OF TRANSFERS

20.     Plaintiff is informed and believes and based thereon alleges that defendant, The Corsair Group 1, Inc., was, and is, at all times herein mentioned, a corporation organized and existing under and by virtue of the laws of the State of Florida, and doing business as The Corsair Group ("CORSAIR").

21.     Plaintiff is informed and believes and based thereon alleges that defendant Drake Investments Ltd., was, and is, at all times herein mentioned, an entity of unknown form that is organized and existing under and by virtue of the laws of the Turks and Caicos ("DRAKE").

22.     Plaintiff is informed and believes and based thereon alleges that defendant and debtor, Michael Crow, was, and is, at all times herein mentioned, an individual with his usual residence in the County of San Diego, State of California ("Mr. Crow").  Mr. Crow is named herein for purposes of seeking turnover of property of the estate.

23.     Plaintiff is informed and believes and based thereon alleges that defendant Lightstorm International, Inc., was, and is, at all times herein mentioned, an entity of unknown form and origin ("Lightstorm").

24.     Plaintiff is informed and believes and based thereon alleges that defendant, Vatche Chorbajian, was, and is, at all times herein mentioned, an individual with his usual residence in the County of San Diego, State of California ("Mr. Chorbajian").

25.     Plaintiff is informed and believes and based thereon alleges that defendant, CMG Holdings, LLC, was, and is, at all times herein mentioned, a limited liability company organized and existing under and by virtue of the laws of the State of Delaware ("CMG HOLDINGS").

26.     Plaintiff is informed and believes and based thereon alleges that defendant, Genesis Today, Inc., was, and is, at all times herein mentioned, a corporation of unknown form and origin ("GENESIS TODAY").

27.     Plaintiff is informed and believes and based thereon alleges that defendant, Genesis Pure, Inc., was, and is, at all times herein mentioned, a corporation organized and existing under and by virtue of the laws of the State of Delaware ("GENESIS PURE").

///

///

28.     Plaintiff is informed and believes and based thereon alleges that defendant, CLYDESDALE PARTNERS II, LLC, was, and is, at all times herein mentioned, an entity of unknown form and origin ("CLYDESDALE PARTNERS").

29.     Plaintiff is informed and believes and thereon alleges that all defendants, and each of them, are the agent or employee of each of the other defendants, were acting in the scope of such agency or employment and with the permission and consent of their co-defendants, and each is responsible in some way for the damages suffered by plaintiff.

30.     Plaintiff is informed and believes and based thereon alleges that MW CROW, THE CHILDREN TRUST, DCG-LLC, DCI MASTER CAYMAN, DCP -CAYMAN, DCP-LLC, DC ASSOCIATES, DCI MASTER USA, MOSD, EDEN, MC2, BILTMORE FLORIDA, CORSAIR, and CMG HOLDINGS, were owned and controlled in whole, or in part, by debtor, MICHAEL W. CROW.  Plaintiff is informed and believes and based thereon alleges that debtor, MICHAEL W. CROW, was in actual control of the business and affairs of defendants, MW CROW, THE CHILDREN TRUST, DCG-LLC, DCI MASTER CAYMAN, DCP -CAYMAN, DCP-LLC, DC ASSOCIATES, DCI MASTER USA, MOSD, EDEN, MC2, BILTMORE FLORIDA, CORSAIR, and CMG HOLDINGS, and in particular was in control of all of the acts and omissions complained of herein.  Upon information and belief, plaintiff alleges that defendants, MW CROW, THE CHILDREN TRUST, DCG-LLC, DCI MASTER CAYMAN, DCP -CAYMAN, DCP-LLC, DC ASSOCIATES, DCI MASTER USA, MOSD, EDEN. MC2, BILTMORE FLORIDA, CORSAIR, and CMG HOLDINGS, and at all relevant times were, the alter ego of debtor, MICHAEL W. CROW, and that there is a unity and identity of interest and adherence to the fiction of their separate existence would sanction fraud and promote injustice.

## **GENERAL ALLEGATIONS**

31.     The SEC file a complaint against Mr. Crow entitled _SEC v. Michael Crow and Kuebler_, U.S.D.C., S.D. California, Case No. 96-1661 (herinafter the "First SEC Lawsuit").  The SEC alleged that Mr. Crow was the president and chief executive officer of Wilshire Technologies, Inc., a public company located in Carlsbad, California.  The SEC further alleged that Mr. Crow

violated the federal securities laws by causing Wilshire to materially overstate its earnings, to issue materially misleading press releases, and to file materially misleading period financial reports with the Commission.  Further, the SEC argued that Crow engaged in insider trading by selling 75,000 shares of Wilshire stock in November and December 1993, thereby avoiding losses of over $1.2 million.

32.    On April 16, 1998, a Judgment of permanent injunction and of permanent injunction and other relief was entered against MICHAEL W. CROW.  The court Ordered Mr. Crow to pay $1,248,444 (disgorgement) and $225,773.00 (prejudgment interest).  (In lieu of payment: Crow surrendered 800,000 shares of Advanced Material Group, Inc. (AMG) in settlement of class action Case No. 94-0400.)  The SEC Judgment further ordered and adjudged the following against MICHAEL W. CROW:

ORDERED ADJUDGED :

.  .  .  **permanently barred from acting as an officer or director of any issuer that has a class securities registered pursuant to Section 12 of the Exchange Act  .  .  .  .**

33.    On or about December 23, 1999, MICHAEL W. CROW was involved in another litigation matter in the state court relating to the failed Zip Direct business entitled *Zip Direct, LLC, v. Craig Cox et al.*, Sacramento Superior Court, and the ensuing cross-complaint filed by creditor, Craig Cox.

34.    On or about January 26, 2000, a shareholder action entitled *James E. Foley v. Zip Dirct, LLC, et al.*, U.S.D.C., S.D., San Diego, Case No. 00-167, was filed against the following defendants:

1.    Zip Direct LLC

2     Zip Sort, LLC

3.    Michael W. Crow

4.    Kevin Crow

5.      Trevor Crow (Michael Crow's second former wife)

6.      Howard Stevenson (Trevor Crow's father or stepfather).

35.     On or about October 31, 2001, Mr. Crow created the The Crow 2001 Children Trust created October 31, 2001, for the benefit of Michelle Lee Crow, Olivia Trevor Crow, Spencer Michael Crow, Duncan Howard Crow.  On or about November 9, 2001, Mr. Crow created the M.W. Crow Family, L.P., a California limited partnership, which was purportedly owned primarily by the Children Trust.

36.     On or about December 13, 2001, Mr. Crow filed a Motion to Alter Judgment in the First SEC Lawsuit, *SEC v. Crow and Kuebler*, to request the removal of the following:

> .  .  . permanently barred from acting as an officer or director of any issuer that has a class securities registered pursuant to Section 12 of the Exchange Act  .  .  . .

On or about February 21, 2002, the District Court denied Mr. Crow's motion to alter the judgment.

37.     On or about January 23, 2002, a Judgment was entered in favor of plaintiffs in the matter of *Foley v. Zip et al.*, in the amount of $66,726.75.

38.     On or about March 25, 2002, a Judgment (stipulated) was entered against defendant, Michael Crow, in the matter *Zip Direct, LLC, v. Craig Cox et al.*, Sacramento Superior Court, awarding creditor, Craig Cox, the amount of $939,676.00.

39.     On or about September 3, 2002, a complaint was filed against Mr. Crow entitled, *Walker v. Crow*, U.S.D.C., S.D. California, Case No. 02CV-1747.  Mr. Crow filed a cross-complaint against the plaintiff, Mr. Walker, in the matter.

40.     Plaintiff is informed and believes and thereon alleges that during the next eight (8) months, Mr. Crow formed various entities through which he would conduct his offshore based investment hedge fund business, including the following entities:

FIRST AMENDED COMPLAINT FOR AVOIDANCE OF TRANSFERS

| **Creation** | **Name:** |
|---|---|
| 11/21/02 | Duncan Capital Group, LLC, was formed as a Delaware limited liability company; |
| 5/16/03 | DCI Master, LDC, was formed as a Cayman Island corporation; |
| 5/16/03 | Duncan Capital Partners LTD, was formed as a Cayman Island corporation; |
| 6/9/03 | Duncan Capital Partners, LLC, was formed as a Delaware limited liability company; and |
| 7/10/03 | DC Associates, LLC, was formed as a Delaware limited liability company. |

41.    Plaintiff is informed and believes and thereon alleges that in exchange for funds in the amount of approximately $50,000 transferred by Mr. Crow to Genesis Today, Inc., on or about April 1, 2006, a stock certificate for 125,000 shares of common stock in Genesis Today, Inc., was issued in the name of "MW Crow Family L.P. (Michael Crow)" (hereinafter the "Genesis Stock") pursuant to the instructions of Mr. Crow.

42.    On May 15, 2007, another complaint was filed by the SEC against Mr. Crow, and his family and various entities, entitled _SEC v. Michael W. Crow, et al._, in the United States District Court, Southern District, New York, Case No. 07-3814, whereby the SEC named the following defendants:

Defendants:

1.    Michael W. Crow

2.    Duncan Capital LLC

3.    Duncan Capital Group, LLC

4.    Robert David Fuchs

5.    Robert MacGregor

Relief Defendants:

6.    Trevor Crow

7.    Santal Holdings, LLC

8.    M.W. Crow Family LP

9.      Crow 2001 Children's Trust FBO Michelle Lee Crow

10.     Crow 2001 Children's Trust FBO Spencer MichaelCrow

11.     Crow 2001 Children's Trust FBO Duncan Crow

12.     Crow 2001 Children's Trust FBO Olivia Trevor Crow

(hereinafter the "Second SEC Lawsuit.")

43.     On or about August 17, 2007, the SEC amended its complaint in the Second SEC Lawsuit against Mr. Crow and several of his entities including but not limited to M.W. Crow Family LP, Duncan Capital Group, LLC, and Duncan Capital LLC, alleging, among other things, that Mr. Crow unlawfully acted as an unregistered principal of Duncan Capital, with co-defendant, Fuchs' knowledge and substantial assistance. The Complaint further alleged that Duncan Capital's regulatory filings, signed by Fuchs, falsely omitted to state both Crow's control of the firm and his prior regulatory history.  Fuchs, the owner and nominal president of Duncan Capital, not only acquiesced in Crow's undisclosed control of the firm, but also facilitated it by, among other things, transferring Duncan Capital's profits to entities Crow controlled. Duncan Capital, with the knowledge and substantial assistance of Crow and Fuchs, also failed to register both Crow and another individual, who was the firm's senior managing director. Also, with Crow's and Fuchs' knowledge and substantial assistance, Duncan Capital Group acted an as unregistered broker.

44.     Plaintiff is informed and believes and thereon alleges that on or about May 22, 2007 (five (5) days after the complaint was amended), Mr. Crow created another entity in the State of Delaware, with the same name MW Crow Family, L.P., a Delaware limited partnership..

45.     Plaintiff is informed and believes and thereon alleges that on or about December 18, 2007, debtor, Mr. Crow, directed or otherwise caused, a payment of $25,000 to be delivered to defendant, CLYDESDALE PARTNERS, to purchase an interest in said defendant, that would be held in the name of 'MW Crow Family, L.P." (hereinafter the "Clydesdale Investment").

46.     Plaintiff is informed and believes and thereon alleges that on or about May 5, 2008, MICHAEL W. CROW formed an entity known as MOSD Holdings, LLC, as a Delaware limited liability company, that would be used to hold title to his assets.  Plaintiff is informed and believes and thereon alleges that MOSD was created to replace the MW Crow Family L.P., in anticipation

FIRST AMENDED COMPLAINT FOR AVOIDANCE OF TRANSFERS

1    that the SEC will soon obtain a judgment against MW Crow Family, L.P., in the pending Second

2    SEC Lawsuit.  MOSD is purportedly owned equally by each of the four Children Trusts.

3        47.    After a trial was conducted, on or about November 5, 2008, the United States

4    District Court entered its findings of fact and conclusions of law in the Second SEC Lawsuit

5    against MICHAEL W. CROW and his various entities and family members.

6        48.    Plaintiff is informed and believes and thereon alleges that also on November 5,

7    2008, MICHAEL W. CROW created yet another entity to hold title to his assets, CMG Holdings,

8    LLC, a Delaware limited liability company ("CMG HOLDINGS").  Plaintiff is informed and

9    believes and thereon alleges that entity of CMG HOLDINGS was canceled on June 1, 2011, and

10   another entity with the same name, CMG Holdings, LLC, a Delaware limited liability company,

11   was formed on February 3, 2012 ("CMG 2").

12       49.    Accordingly, on November 13, 2008, the United States District Court entered its

13   Judgment against Mr. Crow and the other defendants, awarding the following relief:

14       Awarded **$1,999,752.87** against:

15           (1)    Michael Crow

16           (2)    Duncan Capital Group, LLC

17       Awarded **$4,996,351.00** against:

18           (1)    Michael Crow

19           (2)    Duncan Capital Group, LLC

20           (3)    Duncan Capital LLC

21           (4)    Robert Fuchs

22       Awarded $1,064,458.46 against:

23           (1)    M.W. Crow Family LP

24       Awarded $53,966.17 against:

25           (1)    Santal Holdings LLC

26       Awarded $250,000.00 as "Civil Monetary Penalty" against:

27           (1)    Michael Crow

28       Awarded $50,000.00 as "Civil Monetary Penalty" against:

(1)    Duncan Capital Group, LLC

Awarded $50,000.00 as "Civil Monetary Penalty" against:

(1)    Duncan Capital, LLC

50.    Plaintiff is informed and believes and thereon alleges that on or about November 18, 2008, Mr. Crow instructed Genesis Today, Inc., to transfer title to the Genesis Stock from "MW Crow Family L.P. (Michael Crow)' to the newly formed entity "CMG Holdings, LLC."  On or about December 1, 2008, the Genesis Stock certificate for 125,000 shares of common stock in Genesis Today, Inc., was reissued in the name of "CMG Holdings, LLC."

51.    On or about January 13, 2009, Mr. Crow and the M.W. Crow Family, L.P., filed their notice of appeal of the Judgment, and later filed a motion to stay enforcement of the judgment pending appeal.

52.    On March 20, 2009, the court entered its order denying and terminating motion to Stay the Judgment pending appeal.  Furthermore, on or about July 27, 2009, the appeal was dismissed by defendants, M.W. Crow Family LP, and Michael W. Crow.

53.    On or about March 20, 2009, Mr. Crow formed the entity known as Eden Marketing, LLC, as a Nevada limited liability company ("Eden").  Eden is purportedly owned 100% by the later formed MC2 Squared.

54.    On or about March 24, 2009, Mr. Crow formed the entity known as MC2 Squared, Inc., as a Nevada corporation.  MC2 Squared is purportedly owned 50% by Mr. Crow's third wife, Michelle Crow, also known as Michelle Wasserman, and 50% by MOSD.  It was recently discovered that an agreement with Drake Investments Ltd., may have transferred a 20% interest in MC2 Squared to Drake Investments which in turn immediately agreed to transfer said interest to the Childrens Trust.

55.    Plaintiff is informed and believes and thereon alleges that defendant, GENESIS PURE, spun out from defendant, GENESIS TODAY, and became a Delaware Corporation on March 1, 2011, resulting in another stock certificate for 125,000 shares of common stock in the new entity, Genesis Pure, Inc., issued in the name of "MW Crow Family, LP" ("Genesis Pure Stock").

FIRST AMENDED COMPLAINT FOR AVOIDANCE OF TRANSFERS

## FRAUDULENT TRANSFERS

**Assignment of Litigation Rights Against Walker.**

56.    On or about September 26, 2007, Mr. Crow assigned all rights to recover attorneys fees and costs, and other damages against litigant Dennis Walker in the matter of _Walker v. Crow_, U.S.D.C., S.D. California, Case No. 02CV 1747, to defendants, (1) M.W. Crow Family LP, and (2) Duncan Capital Group, LLC ("First Walker Assignment").

57.    In or around November 2007, Mr. Crow, Mr. Keyes and Mr. Walker entered into a Settlement Agreement which provided for certain payments to be made by Mr. Walker to Messrs. Crow and Keyes.  Mr. Crow's right to payment pursuant to the November 2007 Settlement Agreement was subsequently assigned/ transferred to MOSD, Holdings, LLC ("Second Walker Assignment").

58.    On June 24, 2010, Mr. Walker breached the settlement agreement and the court entered a Judgment against Mr. Walker in the amount of $118,000, in favor of MOSD (as assignee of Mr. Crow) and co-litigant, Mr. Keyes.

59.    Plaintiff is informed and believes and thereon alleges that as a result of the above Assignments by Mr. Crow, the following payments were sent to MOSD Holdings, LLC, as follows:

| DATE: | AMOUNT: | PAYEE: |
|---|---|---|
| 04/23/09 | $4,000.00 | MOSD Holdings, LLC |
| 07/19/09 | $4,000.00 | MOSD Holdings, LLC |
| 08/13/09 | $4,000.00 | MOSD Holdings, LLC |
| 09/16/09 | $4,000.00 | MOSD Holdings, LLC |
| 11/04/09 | $4,000.00 | MOSD Holdings, LLC |
| 11/30/09 | $4,000.00 | MOSD Holdings, LLC |
| 08/06/10 | $20,000.00 | MOSD Holdings, LLC |
| 08/10/10 | $10,000.00 | MOSD Holdings, LLC |
| 08/17/10 | $20,000.00 | MOSD Holdings, LLC |
| **TOTAL** | **$74,000.00** | |

**Lenco Mobile Stock Certificates.**

60.     Plaintiff is informed and believes and thereon alleges that Mr. Crow directly owned a significant number of shares of entities known as Superfly Advertising, Inc., a Delaware corporation, and Superfly Advertising, Inc., an Indiana corporation (hereinafter "Superfly"), and indirectly owned additional shares by placing shares into the names of various entities such as DCI Master LDC, The Crow Children's Trust, MW Crow Family, L.P., and Drake Investments, Ltd.

61.     Plaintiff is informed and believes and thereon alleges that eventually, on or about February 28, 2009, Mr. Crow, among others, negotiated a transaction whereby an entity known as Lenco Mobile, Inc., and Lenco USA, Inc., agreed to purchase the assets of an entity known as Superfly Advertising, Inc., a Delaware corporation, and Superfly Advertising, Inc., an Indiana corporation, in exchange for stock in Lenco Mobile ("Superfly Lenco Shares") and a promissory note whereby Lenco promised to pay $260,000 to an entity identified by Mr. Crow which Mr. Crow determined to be MOSD ("Lenco-MOSD Note").

62.     Plaintiff is informed and believes and thereon alleges that Mr. Crow directly and indirectly owned and controlled an entity known as Eden Marketing, LLC.   Plaintiff is informed and believes and thereon alleges that at Mr. Crow's direction, Eden was owned 100% by MC2 Squared, Inc., which in turn was owned by Michelle Crow and MOSD, and possibly Drake Investments.

63.     Plaintiff is informed and believes and thereon alleges that on or about May 4, 2009, Mr. Crow, among others, negotiated a transaction whereby Lenco Mobile Inc., and AdMax Media, Inc., a Nevada corporation and a wholly owned subsidiary of Lenco Mobile, agreed to purchase the assets of Eden Marketing, LLC, a Nevada limited liability company, in exchange for stock in Lenco Mobile, the precise amount of which was eventually determined to be 1.5 million shares ("Eden Lenco Shares").

64.     Plaintiff is informed and believes and thereon alleges that at the direction of Mr. Crow, the following share certificates were issued by Lenco Mobile in the Superfly Transaction and the Eden Transaction to the following persons and entities, with each such certificate so issued constituting a fraudulent transfer to the "Registered Holder" identified on the certificate (hereinafter the "Lenco Mobile Shares"):

| Registered Holder | Number of shares | Certificate No(s). |
|---|---|---|
| Eden Marketing LLC | 1,168,000 | 64, 65, 245 |
| MOSD Holdings LLC | 737,000 | 244, 356, 1176, 1219 |
| Vatche Chorbajian | 50,000 | 242 |
| Biltmore Investments LLC | 54,000 | 369, 1188 |
| MC2 Squared, Inc. | 93,210 | 608, 645 |
| Trevor Crow | 41,488 | 404, 496, 603, 1273, 1374 |
| Lightstorm International, Inc. | 31,250 | 246 |
| The Crow 2001 Children's Trust FBO Spencer Crow | 46,180 | 457, 605, 1396, 1270 |
| The Crow 2001 Children's Trust FBO Michelle  Crow | 39,180 | 456, 604, 1398, 1277 |
| The Crow 2001 Children's Trust FBO Olivia Crow | 39,180 | 458, 606, 1397, 1271 |
| The Crow 2001 Children's Trust FBO Duncan Crow | 39,180 | 459, 607, 1378, 1272 |

**Lenco-MOSD Note in the amount of $260,000**

65.     As explained above, on or about February 28, 2009, as part of the asset purchase agreement with Superfly, Lenco promised to pay $260,000 to an entity identified by Mr. Crow which Mr. Crow determined to be MOSD.  The promissory note is delinquent and Mr. Crow hired legal counsel to file a lawsuit in the San Diego Superior Court entitled MOSD Holdings, LLC, v. Lenco Mobile, Inc., Case No. 37-2010-00104461-CU-CL-CTL.

**Sale of Lenco Stock Through The Corsair Group.**

66.     Plaintiff is informed and believes and thereon alleges Lenco Mobile has issued a stop transfer instruction relating to some of the defendants concerning any and all of the Lenco Mobile Shares in relation to the names of the above individuals and entities.  Accordingly, Mr. Crow has been unable to liquidate the shares and prevent the bankruptcy estate from obtaining the funds.

FIRST AMENDED COMPLAINT FOR AVOIDANCE OF TRANSFERS

67.     In March 2011, Mr. Crow's entities, DC Master LDC, DC Associates, etc., allocated a stock certificate issued in the name of DC Master LDC in the amount of 207,000 Lenco Shares.  In order to circumvent the transfer restrictions relating to the above entities, Mr. Crow instructed DC Master LDC to issue stock certificates in the name of his newly created entity, The Corsair Group, which is not listed on the transfer restriction list.

68.     Accordingly, on or about April 1, 2011, Mr. Crow formed the entity known as The Corsair Group 1, Inc., as a Florida corporation, doing business as The Corsair Group.  After The Corsair Group was formed, one or two stock certificates were issued in the name of The Corsair Group for a total of approximately 39,509 shares of Lenco Mobile.

69.     On or about June 14, 2011, Mr. Crow sold the 39,509 shares of Lenco Stock issued in the name of The Corsair Group for approximately $56,281.86.  On or about July 11, 2011, Mr. Crow deposited into the bank account in the name of The Corsair Group the proceeds from the sale of the Crow related shares sold under The Corsair Group name, in the amount of $56,281.86. Three (3) days thereafter, on July 14, 2011, Mr. Crow wire transferred $50,000 from The Corsair Group account to himself, the precise location of said funds is unknown at this time.

**Sale of National Investment Managers Company**.

70.     In April 2011, Mr. Crow's entity and fund known DCI Master, LDC, the fund located in the Cayman Island, and its related entity, DCI Master LDC, LLC, received $300,000 in sale proceeds from the sale of a company and its stock to an unrelated third party.   In April 2011, the DCI Fund disbursed the $300,000 to the investors of the offshore fund, including to Mr. Crow and his related entities.

71.     On April 11, 2011, Mr. Crow received a wire transfer in the amount of $82,732.00 and on April 28, 2011, Mr. Crow received a wire transfer in the amount of $21,735.53 for a total amount of $104,467.53.   Additionally, Mr. Crow directed the amount of $47,350.98 to the Children Trusts and Mr. Crow's former wife, Trevor Crow.  The payments are described in particularity as follows:

FIRST AMENDED COMPLAINT FOR AVOIDANCE OF TRANSFERS

| DATE: | PAYEE: | AMOUNT: |
|---|---|---|
| 04/11/11 | Michael Crow | $82,732.00 |
| 04/28/11 | Michael Crow | $21,735.53 |
| 04/28/11 | Crow 2001 Trust, Duncan | $9,886.29 |
| 04/28/11 | Crow 2001 Trust, FBO Michelle | $9,886.29 |
| 04/28/11 | Crow 2001 Trust, Olivia | $9,886.29 |
| 04/28/11 | Crow 2001 Trust, Spencer | $9,886.29 |
| 04/28/11 | Trevor Crow | $7,793.82 |
| **TOTAL:** | | **$151,806.51** |

**Proceeds from Sale of Marital Residence.**

72.     On or about February 17, 2009, Mr. Crow's second wife, Trevor Crow, filed a complaint for marital dissolution in the Superior Court of Connecticut.  On or about October 20, 2009, Mr. Crow and Trevor Crow entered into a separation agreement (the "Separation Agreement").

73.     On or about August 31, 2009, the former marital residence known as 1133 Cedar Road, Southport, Connecticut ("Cedar Residence"), was sold, resulting in net sale proceeds in the amount of approximately $171,003.90.  The Separation Agreement purports to transfer Michael Crow's share of the new sale proceeds to Trevor Crow.

**Transfer of Art Work Sale Proceeds and Purchase of Bentley Automobile.**

74.     In 2006, Mr. Crow acquired certain art work from Sacks Fine Art by transferring shares in the entity of Duncan Capital Partners, Ltd.  According to the Separation Agreement, the art work was owned by MOSD and "possession" was split between Michael Crow and Trevor Crow.

FIRST AMENDED COMPLAINT FOR AVOIDANCE OF TRANSFERS

75.    In July 2010, Michael Crow sold the art work purportedly owned by the Children Trusts at auction and allocated to him under the Separation Agreement through auction and received a net sales amount of $80,000.  On or about July 1, 2010, using the sale proceeds arising from the sale of the art work purportedly owned by MOSD and/or the Children Trust, Michael Crow purchased a 1990 Bentley automobile for his third wife, Michelle Crow, also known as Michelle Wasserman, paying an amount of approximately $19,000.  Plaintiff is informed and believes and thereon alleges that Michelle Crow currently has possession of the 1990 Bentley automobile.

**Cashier's Check to Trevor Crow in the Amount of $72,000.**

76.    Approximately 10 days prior to this bankruptcy petition, on January 12, 2010, Michael Crow obtained a Cashier's Check in the amount of $72,000 and transferred said funds to Trevor Crow, who in turn deposited said funds into her personal account on January 13, 2010.

**Payment of $225,000 Under the Sunset Note**.

77.    In March 2009, James Brown, individually and on behalf of Sunset Investment Group, Inc., executed a promissory note in the amount of $300,000, payable to Superfly and its subsidiary Rightside Advisors, Inc. ("Sunset Note").

78.    In January 2010, the obligor paid the first payment under the Sunset Note in the amount of $100,000.  Mr. Crow and Richard Berman split the payment and a check, dated January 12, 2010 (ten (10) days prior to the bankruptcy petition), in the amount of $50,000 was made payable to "Michael Crow."  Mr. Crow deposited the check on January 25, 2010 (3 days after the bankruptcy petition), in the bank account of Mr. Crow's entity, MC2 Squared, Inc.

79.    In January 2011, the obligor paid the second payment under the Sunset Note in the amount of $125,000.  Mr. Crow and Richard Berman split the payment and $62,500 was sent to Michael Crow directly from the obligor.

///

///

FIRST AMENDED COMPLAINT FOR AVOIDANCE OF TRANSFERS

**MC2 Stock Certificate to Drake Investments.**

80.    Plaintiff is informed and believes and thereon alleges that approximately 1 month prior to his bankruptcy petition, Michael Crow manufactured a transaction for purposes that are unknown to the trustee at this time.  On or about November 30, 2009, defendant, Drake Investments, Ltd., entered into an Asset Purchase Agreement with MC2 Squared, whereby a 20% interest was purportedly sold to Drake.  On December 14, 2009, Drake purportedly agreed to transfer the 20% interest in MC2 Squared back to Michael Crow's entity, the Childrens Trust, as a gift.

**Genesis Stock Certificate to MW Crow Family, LP, and CMG Holdings, LLC:**

81.    Plaintiff is informed and believes and thereon alleges that in exchange for funds in the amount of approximately $50,000 transferred by Mr. Crow to Genesis Today, Inc., on or about April 1, 2006, a stock certificate for 125,000 shares of common stock in Genesis Today, Inc., was issued in the name of "MW Crow Family L.P. (Michael Crow)" (hereinafter the "Genesis Stock") pursuant to the instructions of Mr. Crow.

82.    Plaintiff is informed and believes and thereon alleges that on or about November 18, 2008, Mr. Crow instructed Genesis Today, Inc., to transfer title to the Genesis Stock from "MW Crow Family L.P. (Michael Crow)' to the newly formed entity "CMG Holdings, LLC."  On or about December 1, 2008, the Genesis Stock certificate for 125,000 shares of common stock in Genesis Today, Inc., was reissued in the name of "CMG Holdings, LLC."

**Ownership Interest of MW Crow Family LP in Clydesdale Partners II, LLC:**

83.    Plaintiff is informed and believes and thereon alleges that on or about December 18, 2007, debtor, Mr. Crow, directed or otherwise caused, a payment of $25,000 belonging to said debtor to be delivered to defendant, CLYDESDALE PARTNERS, to purchase an interest in said defendant, which interest is held in the name of 'MW Crow Family, L.P." (hereinafter the "Clydesdale Investment").

FIRST AMENDED COMPLAINT FOR AVOIDANCE OF TRANSFERS

84.     Plaintiff is informed and believes and thereon alleges that in addition to the Identified Fraudulent Transfers, the debtor, Michael Crow, may have transferred other Funds to defendants which plaintiff has not yet been able to identify (the "Unidentified Transfers").  During the course of this adversary proceeding, plaintiff may learn (through discovery or otherwise) of now Unidentified Transfers made to defendants.  It is plaintiff's intention through this adversary proceeding to avoid and recover all fraudulent transfers made to or for the benefit of defendants. Plaintiff reserves the right to amend this Complaint as to include further information regarding the fraudulent transfers, including information regarding any now Unidentified Transfers.

85.     To the extent any defendant has filed a proof of claim in the debtor's case or has otherwise requested payment from the debtor, the estate or the trustee (collectively "Claims"), this Complaint is not intended to be, nor should it be construed as, a waiver of Plaintiff's right to object to such Claims for any reason, including, but not limited to, Bankruptcy Code section 502, and such rights are expressly reserved.  Notwithstanding this reservation of rights, the Plaintiff seek certain relief under Bankruptcy Code section 502 as set forth below.

## FIRST CLAIM FOR RELIEF

**(Avoidance of Fraudulent Transfers)**
**(11 U.S.C. §§ 544(b), 548(a)(1)(A) and 550(a), Calif. Civil Code, §3439, et seq.)**

86.     Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 85 of this Complaint.

87.     Plaintiff is informed and believes and based thereon alleges that the defendants, and each of them, caused the above described transfers, of the debtor's property with the actual intent to hinder, delay, or defraud existing and future creditors of the debtor, Mr. Crow.

88.     Pursuant to §§ 548(a) and/or 544(b) of the Bankruptcy Code, the trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under the Bankruptcy Code and/or applicable law.  The above-described transfers of the debtor's property are voidable in that they constitute fraudulent transfers of the debtor's property under §§ 548(a) and/or 544(b) of the Bankruptcy Code and/or under applicable state law.

89.     Pursuant to §§ 548(a) and/or 544(b) of the Bankruptcy Code, plaintiff seeks a judgment of this court avoiding the above-described transfers of the debtor's property.

90.     Pursuant to § 550(a)(1) of the Bankruptcy Code, to the extent the above-described transfers are fraudulent transfers and/or are avoided under §§ 548 and/or 544, and under relevant state law, California Civil Code §§ 3439, et seq., the trustee may recover for the benefit of the bankruptcy estate the property transferred or the value of such property transferred, from the transferee, including all amounts owed to the debtor, Michael Crow.

91.     Pursuant to § 550(a) of the Bankruptcy Code, plaintiff, as the trustee of the debtor's bankruptcy estate, seeks a judgment of this court compelling each transferee to: (1) transfer and return the property or the value of said property to the plaintiff; (2) transfer and return the total amount collected and/or received from the debtor, and (3) to execute any and all documents necessary to effectuate the transfer of the property avoided under this lawsuit.  Pursuant to § 551 of the Bankruptcy Code, plaintiff, as the trustee of the debtor's bankruptcy estate, seeks a judgment preserving any and all transfers avoided under §§ 548 and/or 544 for the benefit of the estate.

## SECOND CLAIM FOR RELIEF

**(Avoidance of Fraudulent Transfers)**
**(11 U.S.C. §§ 544(b), 548(a)(1)(B) and 550(a), Calif. Civil Code, §3439, et seq.)**

92.     Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 85 of this Complaint.

93.     Plaintiff is informed and believes and based thereon alleges that defendants, and each of them, caused the above-described transfers of funds from the debtor, Michael Crow, to defendants during the period from January 23, 2006, through the Petition Date.

94.     Plaintiff is informed and believes and based thereon alleges that debtor, MICHAEL W. CROW, received less than reasonably equivalent value in exchange for said transfers.

95.     Plaintiff is informed and believes and based thereon alleges that at the time of the above-described identified transfers the debtor was engaged, or was about to engage, in a business or a transaction for which any property remaining with the debtor, Michael Crow, was an unreasonably small capital.

96.    Plaintiff is informed and believes and based thereon alleges that at the time of the above-described identified transfers, the debtor intended to incur, or believed that it would incur, debts beyond their ability to pay as they became due.

97.    Plaintiff is informed and believes and based thereon alleges that the above-described identified transfers constitute fraudulent transfers under §§ 548(a) and/or 544(b) of the Bankruptcy Code and under relevant state law, California Civil Code §§ 3439, et seq., and therefore are avoidable by Plaintiff.

98.    Pursuant to §§ 548(a) and/or 544(b) of the Bankruptcy Code, the trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law.  The above-described Identified Transfers of the debtor's property are voidable in that they constitute fraudulent transfers of the debtor's property under §§ 548(a) and/or 544(b) of the Bankruptcy Code and under applicable state law, California Civil Code §§ 3439, et seq.

99.    Pursuant to §§ 548(a) and/or 544(b) of the Bankruptcy Code, and under relevant state law, California Civil Code §§ 3439, et seq., plaintiff seeks a judgment of this court avoiding the transfers of funds from the debtor, Michael Crow, to defendants during the period from January 23, 2006, through the Petition Date.

100.    Pursuant to § 550(a)(1) of the Bankruptcy Code, to the extent the above-described transfers are fraudulent transfers and/or are avoided under §§ 548 and/or 544, and under relevant state law, California Civil Code §§ 3439, et seq., the trustee may recover for the benefit of the bankruptcy estate the property transferred or the value of such property transferred, from the transferee.

101.    Pursuant to § 550(a) of the Bankruptcy Code, plaintiff, as the trustee of the debtor's bankruptcy estate, seeks a judgment of this court compelling each transferee to:  (1) transfer and return the property or the value of said property to the plaintiff; (2) transfer and return the total amount collected and/or received from the debtor, and (3) to execute any and all documents necessary to effectuate the transfer of the property avoided under this lawsuit.  Pursuant to § 551 of the Bankruptcy Code, plaintiff, as the trustee of the debtor's bankruptcy estate, seeks a judgment

preserving any and all transfers avoided under §§ 548 and/or 544, and under relevant state law, California Civil Code §§ 3439, et seq., for the benefit of the estate.

### THIRD CLAIM FOR RELIEF

**(Avoidance of Fraudulent Transfers)**
**(11 U.S.C. §§ 544(b), 548(a)(1)(B) and 550(a), Calif. Civil Code, §3439, et seq.)**

102.     Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 85 of this Complaint.

103.     Plaintiff is informed and believes and based thereon alleges that defendants, and each of them, caused the above-described transfers of funds from the debtor, Michael Crow, to defendants during the period from January 23, 2006, through the Petition Date.

104.     Plaintiff is informed and believes and based thereon alleges that debtor, MICHAEL W CROW, received less than reasonably equivalent value in exchange for said identified transfers.

105.     Plaintiff is informed and believes and based thereon alleges that the above-described transfers constitute fraudulent transfers under §§ 548(a) and/or 544(b) of the Bankruptcy Code and under relevant state law, California Civil Code §§ 3439, et seq., in that at the time of each of the above-described identified transfers, the debtor was insolvent, or became insolvent as a result of each of the Identified Transfers.

106.     Plaintiff is informed and believes and based thereon alleges that the above-described Identified Transfers constitute fraudulent transfers under §§ 548(a) and/or 544(b) of the Bankruptcy Code and under relevant state law, California Civil Code §§ 3439, et seq., and therefore are avoidable by Plaintiff.

107.     Pursuant to §§ 548(a) and/or 544(b) of the Bankruptcy Code, the trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law.  The above-described identified transfers of the debtor's property are voidable in that they constitute fraudulent transfers of the debtor's property under §§ 548(a) and/or 544(b) of the Bankruptcy Code and under applicable state law, California Civil Code §§ 3439, et seq.

///

FIRST AMENDED COMPLAINT FOR AVOIDANCE OF TRANSFERS

108.    Pursuant to §§ 548(a) and/or 544(b) of the Bankruptcy Code, and under relevant state law, California Civil Code §§ 3439, et seq., plaintiff seeks a judgment of this court avoiding the transfers of funds from the debtor, Michael Crow, to defendants during the period from January 23, 2006, through the Petition Date.

109.    Pursuant to § 550(a)(1) of the Bankruptcy Code, to the extent the above-described transfers are fraudulent transfers and/or are avoided under §§ 548 and/or 544, and under relevant state law, California Civil Code §§ 3439, et seq., the trustee may recover for the benefit of the bankruptcy estate the property transferred or the value of such property transferred, from the transferee.

110.    Pursuant to § 550(a) of the Bankruptcy Code, plaintiff, as the trustee of the debtor's bankruptcy estate, seeks a judgment of this court compelling each transferee to:  (1) transfer and return the property or the value of said property to the plaintiff; (2) transfer and return the total amount collected and/or received from the debtor, and (3) to execute any and all documents necessary to effectuate the transfer of the property avoided under this lawsuit.  Pursuant to § 551 of the Bankruptcy Code, plaintiff, as the trustee of the debtor's bankruptcy estate, seeks a judgment preserving any and all transfers avoided under §§ 548 and/or 544, and under relevant state law, California Civil Code §§ 3439, et seq., for the benefit of the estate.

## FOURTH CLAIM FOR RELIEF

### (Avoidance of Preferences)
### (11 U.S.C. §§ 547(b) and 550(a))

111.    Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 85 of this Complaint.

112.    Plaintiff is informed and believes and based thereon alleges that within one year of the filing of the petition in this bankruptcy proceeding, the following transfers from the debtor, Michael Crow, to defendant, Trevor Crow, an "insider" made for the benefit of the creditor, Trevor Crow, on account of antecedent debt owed by the debtor before said transfers:

(A)    The Separation Agreement, dated October 20, 2009, to the extent said agreement

transfers and/or allocates the entire amount of the net sale proceeds in the amount

of approximately $171,003.90, arising from the August 31, 2009, sale of the former marital residence known as 1133 Cedar Road, Southport, Connecticut; and

(B)    Approximately 10 days prior to bankruptcy petition, on January 12, 2010, Michael Crow obtained a Cashier's Check in the amount of $72,000 and transferred said funds to Trevor Crow, who in turn deposited said funds into her personal account on January 13, 2010.

113.    Plaintiff is informed and believes and based thereon alleges that the above-described transfers were made while the debtor was insolvent and the transfers enabled the creditor, Trevor Crow, to receive more than they would have received if (1) the case were a case under Chapter 7 of the Bankruptcy Code, (2) the transfers had not been made, and (3) said creditors had received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

114.    Plaintiff is informed and believes and based thereon alleges that the above-described transfers were made between the debtor, and creditor, Trevor Crow, an insider, less than one year before the date of the filing of the petition in the bankruptcy proceeding.

115.    Pursuant to § 547(b) of the Bankruptcy Code, the trustee may avoid any transfer of an interest of the debtor in property (1) to or for the benefit of the creditor whois an "insider", (2) on account of an antecedent debt owed by the debtor before the transfers were made, (3) made while the debtor was insolvent, (4) on or within one year before the date of the filing of the petition, and (5) which enabled the creditors to receive more than they would have received if the case were a Chapter 7 bankruptcy proceeding, the transfer had not been made, and the creditor received payment of such debt to the extent provided by the Bankruptcy Code.  The above-described transfers of the debtor's property are voidable in that they constitute preferences under § 547(b) of the Bankruptcy Code.

116.    Pursuant to § 547(b) of the Bankruptcy Code, plaintiff seeks a judgment of this court avoiding the following transfers:

(A)    The Separation Agreement, dated October 20, 2009, to the extent said agreement transfers and/or allocates the entire amount of the net sale proceeds in the amount

FIRST AMENDED COMPLAINT FOR AVOIDANCE OF TRANSFERS

of approximately $171,003.90, arising from the August 31, 2009, sale of the former

marital residence known as 1133 Cedar Road, Southport, Connecticut; and

(B)    Approximately 10 days prior to bankruptcy petition, on January 12, 2010, Michael

Crow obtained a Cashier's Check in the amount of $72,000 and transferred said

funds to Trevor Crow, who in turn deposited said funds into her personal account

on January 13, 2010.

117.    Pursuant to § 550(a)(1) of the Bankruptcy Code, to the extent the above-described

transfers are preferences and/or are avoided under § 547(b), the trustee may recover for the benefit

of the bankruptcy estate the property transferred or the value of such property transferred, from the

transferee.

118.    Pursuant to § 550(a) of the Bankruptcy Code, plaintiff, as the trustee of the debtor's

bankruptcy estate, seeks a judgment of this court compelling each transferee to: (1) transfer and

return the property or the value of said property to the plaintiff; (2) transfer and return the total

amount collected and/or received from the debtor, and (3) to execute any and all documents

necessary to effectuate the transfer of the property avoided under this lawsuit.  Pursuant to § 551

of the Bankruptcy Code, plaintiff, as the trustee of the debtor's bankruptcy estate, seeks a judgment

preserving any and all transfers avoided under § 547 for the benefit of the estate.

### (FIFTH CLAIM FOR RELIEF)

### (Avoidance of Postpetition Transfer)
### (11 U.S.C. §§ 549 and 550(a))

119.    Plaintiff realleges and incorporates by reference each and every allegation

contained in Paragraphs 1 through 85 of this Complaint.

120.    Plaintiff is informed and believes and based thereon alleges that the following transfers

of funds and property belonging to debtor, Michael Crow, to defendants occurred after the commencement

and filing of the debtor's Chapter 7 bankruptcy petition and was not authorized under Title 11 of the

United States Code or by the Bankruptcy Court:

///

///

(A)    The following payments sent to MOSD Holdings, LLC, by the creditor, Mr. Walker, as follows:

| DATE: | AMOUNT: | PAYEE: |
|-------|---------|--------|
| 08/06/10 | $20,000.00 | MOSD Holdings, LLC |
| 08/10/10 | $10,000.00 | MOSD Holdings, LLC |
| 08/17/10 | $20,000.00 | MOSD Holdings, LLC |

(B)    The issuance of Lenco Stock Certificates in the name of The Corsair Group for a total of approximately 39,509 shares of Lenco Mobile.

(C)    The deposit in the Corsair bank account on or about July 11, 2011, of the sale proceeds arising from the sale of the Corsair stock certificates in the amount of $56,281.86, and the subsequent transfer of $50,000 to Mr. Crow.

(D)    The following payments arising from the disbursement of the proceeds from the sale of National Investment Managers:

| DATE: | PAYEE: | AMOUNT: |
|-------|--------|---------|
| 04/11/11 | Michael Crow | $82,732.00 |
| 04/28/11 | Michael Crow | $21,735.53 |
| 04/28/11 | Crow 2001 Trust, Duncan | $9,886.29 |
| 04/28/11 | Crow 2001 Trust, FBO Michelle | $9,886.29 |
| 04/28/11 | Crow 2001 Trust, Olivia | $9,886.29 |
| 04/28/11 | Crow 2001 Trust, Spencer | $9,886.29 |
| 04/28/11 | Trevor Crow | $7,793.82 |
| TOTAL: | | $151,806.51 |

FIRST AMENDED COMPLAINT FOR AVOIDANCE OF TRANSFERS

(E)    The transfer of the sale proceeds arising from the sale of the art work to MOSD, MC2 Squared, the Children Trust, Michael Crow, and/or Michelle Crow.

(F)    The transfer of the 1990 Bentley automobile to MOSD, MC2 Squared, the Children Trust, Michael Crow, and/or Michelle Crow;

(G)    The two payments transferred to Mr. Crow under the Sunset Note, i.e., (1) $50,000 paid by check, dated January 12, 2010, made payable to "Michael Crow" which was subsequently deposited in the bank account of Mr. Crow's entity, MC2 Squared, Inc.; and (2) $62,500 paid in January 2011, sent to Michael Crow directly from the obligor;

(H)    The issuance of the Stock Certificate for 125,000 shares in Genesis Pure, Inc., into the name of M.W. Crow Family, LP.

121.    Pursuant to § 550(a)(1) of the Bankruptcy Code, to the extent the above-described transfer is unauthorized postpetition transfer and/or are avoided under §549, the trustee may recover for the benefit of the bankruptcy estate the property transferred or the value of such property transferred, from the transferee.

122.    Pursuant to § 550(a) of the Bankruptcy Code, plaintiff, as the trustee of the debtor's bankruptcy estate, seeks a judgment of this court compelling each transferee to: (1) transfer and return the property or the value of said property to the plaintiff; (2) transfer and return the total amount collected and/or received from the debtor, and (3) to execute any and all documents necessary to effectuate the transfer of the property avoided under this lawsuit.  Pursuant to § 551 of the Bankruptcy Code, plaintiff, as the trustee of the debtor's bankruptcy estate, seeks a judgment. preserving any and all transfers avoided under §549 for the benefit of the estate.

///

///

///

## SIXTH CLAIM FOR RELIEF

### (Disallowance of Claim(s))
### (11 U.S.C. § 502(d))

123.    Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 122 of this Complaint.

124.    Plaintiff is informed and believes and based thereon alleges that defendants are entities from which property is recoverable under 11 U.S.C., Section 550.

125.    Plaintiff is informed and believes and based thereon alleges that defendants are transferees of the fraudulent transfers, preferences, and/or post-petition transfers which are avoidable under 11 U.S.C., Sections 544, 547, 548 and 549.

126.    Plaintiff is informed and believes and based thereon alleges that defendants have not paid the amount of the fraudulent transfers, preferences and/or post-petition transfers, or turned over such fraudulent transfers, preferences and/or post-petition transfers, to plaintiff for which defendants are liable under 11 U.S.C., Section 550, as set forth above.

127.    Any and all claims of defendant against this bankruptcy estate must be disallowed until such time defendants pay or turn over to plaintiff an amount equal to defendants' liability under 11 U.S.C., Section 550.

## SEVENTH CLAIM FOR RELIEF

### (Turnover of Property of Estate, 11 U.S.C. § 542)
### (Against Defendants)

128.    Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 85 of this Complaint.

129.    Plaintiff is informed and believes and based thereon alleges that defendants have possession of property of the estate, including each and every registered holder of "Lenco Mobile Shares," described as follows:

///

///

///

| Registered Holder | Number of shares | Certificate No(s). |
|---|---|---|
| Eden Marketing LLC | 1,168,000 | 64, 65, 245 |
| MOSD Holdings LLC | 737,000 | 244, 356, 1176, 1219 |
| Vatche Chorbajian | 50,000 | 242 |
| Biltmore Investments LLC | 54,000 | 369, 1188 |
| MC2 Squared, Inc. | 93,210 | 608, 645 |
| Trevor Crow | 41,488 | 404, 496, 603, 1273, 1374 |
| Lightstorm International, Inc. | 31,250 | 246 |
| The Crow 2001 Children's Trust FBO Spencer Crow | 46,180 | 457, 605, 1396, 1270 |
| The Crow 2001 Children's Trust FBO Michelle  Crow | 39,180 | 456, 604, 1398, 1277 |
| The Crow 2001 Children's Trust FBO Olivia Crow | 39,180 | 458, 606, 1397, 1271 |
| The Crow 2001 Children's Trust FBO Duncan Crow | 39,180 | 459, 607, 1378, 1272 |

130.    Plaintiff is informed and believes and based thereon alleges that defendant, The Corsair Group, still has possession of property of the estate, namely approximately $6,000 which remains from the sale proceeds of the Lenco Stock that has not been disbursed from its account.

131.    Plaintiff is informed and believes and based thereon alleges that defendant, DCI Master LDC, LLC, still has possession of property of the estate, namely approximately $30,000 which remains from the sale proceeds arising from National Investment Managers that has not been disbursed from its account.

114.    Plaintiff is informed and believes and based thereon alleges that defendants, Michelle Crow, MC2 Squared, and/or MOSD, still has possession of property of the estate, namely the 1990 Bentley automobile.

114.    Plaintiff is informed and believes and based thereon alleges that defendant, MOSD, has possession of the Lenco - MOSD Note whereby Lenco Mobile has promised to pay $260,000 to MOSD.

///

132.    Plaintiff is informed and believes and based thereon alleges that defendant, Michael Crow, has property of the estate, namely the following:

(A)    Funds paid under the Sunset Note, i.e., $50,000 from Berman and $62,500 from Mr. Brown.

(B)    Funds in the amount of $104,467.53 from proceeds disbursed from the sale of National Investment Managers.

(C)    Funds in the amount of $56,000 arising from the sale of Lenco Stock, issued in the name of The Corsair Group.

114.    Plaintiff is informed and believes and based thereon alleges that defendants, MW CROW FAMILY, L.P., CMG HOLDINGS, GENESIS TODAY, and/or GENESIS PURE, have custody, possession and/or control of 125,000 shares in GENESIS TODAY, and 125,000 shares in GENESIS PURE, which are property of the estate.

114.    Plaintiff is informed and believes and based thereon alleges that defendants, MW CROW FAMILY, L.P., and/or CLYDESDALE PARTNERS have custody, possession and/or control over the Clydesdale Investment which is property of the estate.

133.    Plaintiff is entitled to use, sell, or lease the above described property for the benefit of this bankruptcy estate.

134.    Plaintiff is informed and believes and based thereon alleges that turnover to the plaintiff of the above described property is proper pursuant to 11 U.S.C. § 542.

WHEREFORE, plaintiff prays for judgment against defendants as follows:

**FIRST, SECOND, AND THIRD CLAIMS FOR RELIEF**:

1.    For an order avoiding the transfers of funds from the debtor, Michael Crow, to the defendants during the period from January 23, 2006, through the Petition Date, pursuant to §§ 548(a) and/or 544(b) of the Bankruptcy Code;

2.    For an order, pursuant to § 550(a) of the Bankruptcy Code, compelling each transferee to: (1) transfer and return the property or the value of said property to the plaintiff; (2) transfer and return the total amount collected and/or received from the debtor, and (3) to execute any and all documents necessary to effectuate the transfer of the property avoided under this lawsuit;

FIRST AMENDED COMPLAINT FOR AVOIDANCE OF TRANSFERS

3.      For an order, pursuant to § 551 of the Bankruptcy Code, plaintiff, as the trustee of the debtor's bankruptcy estate, preserving any and all transfers avoided under §§ 548(a) and/or 544 for the benefit of the estate;

4.      For costs of suit incurred herein; and

5.      For such other and further relief as the court may deem necessary and proper.

## **FOURTH CLAIM FOR RELIEF**:

1.      For an order avoiding the following preferential transfers of funds from the debtor, Michael Crow, to the defendant, Trevor Crow, pursuant to 11 U.S.C. § 547:

(A)      The Separation Agreement, dated October 20, 2009, to the extent said agreement transfers and/or allocates the entire amount of the net sale proceeds in the amount of approximately $171,003.90, arising from the August 31, 2009, sale of the former marital residence known as 1133 Cedar Road, Southport, Connecticut; and

(B)      Approximately 10 days prior to bankruptcy petition, on January 12, 2010, Michael Crow obtained a Cashier's Check in the amount of $72,000 and transferred said funds to Trevor Crow, who in turn deposited said funds into her personal account on January 13, 2010.

2.      For an order, pursuant to § 550(a) of the Bankruptcy Code, compelling each transferee to: (1) transfer and return the property or the value of said property to the plaintiff; (2) transfer and return the total amount collected and/or received under the Note or any other loan and/or deed of trust of the debtor, and (3) to execute any and all documents necessary to effectuate the transfer of the property avoided under this lawsuit.

3.      For an order, pursuant to § 551 of the Bankruptcy Code, plaintiff, as the trustee of the debtor's bankruptcy estate, preserving any and all transfers avoided under § 547 for the benefit of the estate;

4.      For costs of suit incurred herein; and

5.      For such other and further relief as the court may deem necessary and proper.

///

///

FIRST AMENDED COMPLAINT FOR AVOIDANCE OF TRANSFERS

## **FIFTH CLAIM FOR RELIEF**:

1.       For an order avoiding the following transfers of property belonging to debtor, Michael Crow, to defendants pursuant to 11 U.S.C. § 549:

(A)       The following payments sent to MOSD Holdings, LLC, by the creditor, Mr. Walker, as follows:

| DATE: | AMOUNT: | PAYEE: |
|---|---|---|
| 08/06/10 | $20,000.00 | MOSD Holdings, LLC |
| 08/10/10 | $10,000.00 | MOSD Holdings, LLC |
| 08/17/10 | $20,000.00 | MOSD Holdings, LLC |

(B)       The issuance of Lenco Stock Certificates in the name of The Corsair Group for a total of approximately 39,509 shares of Lenco Mobile.

(C)       The deposit in the Corsair bank account on or about July 11, 2011, of the sale proceeds arising from the sale of the Corsair stock certificates in the amount of $56,281.86, and the subsequent transfer of $50,000 to Mr. Crow.

(D)       The following payments arising from the disbursement of the proceeds from the sale of National Investment Managers:

| DATE: | PAYEE: | AMOUNT: |
|---|---|---|
| 04/11/11 | Michael Crow | $82,732.00 |
| 04/28/11 | Michael Crow | $21,735.53 |
| 04/28/11 | Crow 2001 Trust, Duncan | $9,886.29 |
| 04/28/11 | Crow 2001 Trust, FBO Michelle | $9,886.29 |
| 04/28/11 | Crow 2001 Trust, Olivia | $9,886.29 |
| 04/28/11 | Crow 2001 Trust, Spencer | $9,886.29 |
| 04/28/11 | Trevor Crow | $7,793.82 |
| TOTAL: | | $151,806.51 |

(E)    The transfer of the sale proceeds arising from the sale of the art work to MOSD, MC2 Squared, the Children Trust, Michael Crow, and/or Michelle Crow.

(F)    The transfer of the 1990 Bentley automobile to MOSD, MC2 Squared, the Children Trust, Michael Crow, and/or Michelle Crow;

(G)    The two payments transferred to Mr. Crow under the Sunset Note, i.e., (1) $50,000 paid by check, dated January 12, 2010, made payable to "Michael Crow" which was subsequently deposited in the bank account of Mr. Crow's entity, MC2 Squared, Inc.; and (2) $62,500 paid in January 2011, sent to Michael Crow directly from the obligor;

(H)    The issuance and transfer of the Stock Certificate for 125,000 shares in Genesis Pure, Inc., into the name of M.W. Crow Family, LP; and

(I)    The transfer of funds to acquire and purchase an interest in Clydesdale Partners II, LLC, held in the name of M.W. Crow Family, LP.

2.    For an order, pursuant to § 550(a) of the Bankruptcy Code, compelling each transferee to: (1) transfer and return the property or the value of said property to the plaintiff; (2) transfer and return the total amount collected and/or received from the debtor, and (3) to execute any and all documents necessary to effectuate the transfer of the property avoided under this lawsuit;

3.    For an order, pursuant to § 551 of the Bankruptcy Code, plaintiff, as the trustee of the debtor's bankruptcy estate, preserving any and all transfers avoided under § 549 for the benefit of the estate;

4.    For costs of suit incurred herein; and

5.    For such other and further relief as the court may deem necessary and proper.

FIRST AMENDED COMPLAINT FOR AVOIDANCE OF TRANSFERS

**SIXTH CLAIM FOR RELIEF**:

1. For a judgment disallowing any claims of defendants against this bankruptcy estate to the extent provided for under 11 U.S.C., sectino 502(d); and

2. For such other and further relief as the court may deem necessary and proper

**SEVENTH CAUSE OF ACTION**

1. For turnover of all of the above-described property of the estate in the possession and control of defendants;

2. For costs of suit incurred herein; and

3. For such other and further relief as the court may deem necessary and proper.

NORTON MOORE & ADAMS
Limited Liability Partnership

/s/ Richard C. Norton

Dated: June 13, 2012                    By:_____
                                            Richard C. Norton
                                            Attorneys for Gerald H. Davis, Trustee

FIRST AMENDED COMPLAINT FOR AVOIDANCE OF TRANSFERS